UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONRAD REYNOLDSON, STUART PIXLEY, and DAVID WHEDBEE, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>CITY OF SEATTLE, a public entity,<br><br>                    Defendants. | No.  15-1608<br><br><br>COMPLAINT<br><br><br>**CLASS ACTION** |

Plaintiffs Conrad Reynoldson, Stuart Pixley, and David Whedbee, on behalf of themselves and all other persons similarly situated, complain of Defendant City of Seattle ("Defendant" or "the City") herein and allege as follows:

## INTRODUCTION

1.      This lawsuit is brought against Defendant to redress its systemic, pervasive, and continuing policy, pattern, or practice of unlawfully discriminating against Plaintiffs and similarly situated individuals with mobility disabilities.  As alleged further below, the City has failed and continues to fail to install and maintain curb ramps that are necessary to make its pedestrian right of way readily accessible to people with mobility disabilities, and to comply with its obligation to install and/or remediate curb ramps when it engages in alterations or new

COMPLAINT - 1

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington   98104
(206) 324-1521 · Fax: (206) 957-0729

1   construction of streets, bus stops, and sidewalks.  A substantial number of the street crossings

2   within the City's pedestrian right of way do not comply with applicable state and federal

3   regulations addressing accessibility for people with disabilities because, for example, they lack

4   curb ramps entirely, have curb ramps on only one side of a corner, have curb ramps that are too

5   narrow, too steep, or too cracked, broken, or uplifted to be used by people with mobility

6   disabilities.

7        2.        The City's pedestrian right of way is a fundamental public program, service,

8   and/or activity that the City provides for the benefit of its residents and visitors.  Accessible curb

9   ramps are necessary to permit people with mobility disabilities who use mobility aids such as

10  wheelchairs, scooters, canes, walkers, or crutches to access the City's pedestrian right of way.

11  Because the City's pedestrian right of way constitutes a core mode of transportation, the absence

12  of accessible curb ramps prevents people with mobility disabilities from independently, fully,

13  and meaningfully participating in all aspects of society, including employment, housing,

14  education, transportation, public accommodations, and recreation, among others.  Accordingly,

15  an accessible pedestrian right of way is essential to realizing the integration mandate of disability

16  non-discrimination laws, including the ADA, the Rehabilitation Act, and the Washington Law

17  Against Discrimination.

18       3.        Named Plaintiffs Conrad Reynoldson, Stuart Pixley, and David Whedbee are

19  three individuals with mobility disabilities who bring this action on behalf of themselves and all

20  persons with mobility disabilities who, like Named Plaintiffs, live in, work in, or visit Seattle and

21  are being discriminated against and subjected to unlawful or hazardous conditions due to the

22  absence of accessible curb ramps within the City's pedestrian right of way.

23

COMPLAINT - 2

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

1        4.      Federal and state disability access laws were enacted to provide persons with

2   disabilities an equal opportunity to participate fully in civic life.  *See* 29 U.S.C. § 794 (Section

3   504 of the Rehabilitation Act of 1973 ("Section 504")); 42 U.S.C. § 12101(a)(7) (Americans

4   with Disabilities Act ("ADA")); Wash. Rev. Code § 49.60.010 (Washington Law Against

5   Discrimination).  Under the ADA and Section 504, a public entity's sidewalks, crosswalks and

6   paved paths—collectively referred to as a public entity's "pedestrian right of way"—are a

7   "program," "service," or "activity" that must be readily accessible to persons with mobility

8   disabilities.  *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002).  As detailed

9   further below, Defendant has excluded Plaintiffs and all other similarly situated individuals with

10  mobility disabilities from participation in or denied them the benefits of Defendant's pedestrian

11  right of way program, service, or activity, or subjected them to discrimination by: a) failing to

12  install and remediate curb ramps in newly-constructed or altered portions of the City's pedestrian

13  right of way; and, b) failing to install, remediate and maintain curb ramps where necessary to

14  provide people with mobility disabilities meaningful access to the City's pedestrian right of way,

15  when viewed in its entirety.

16       5.      Both the ADA (since January 27, 1992) and Section 504 (since June 3, 1977)

17  have mandated that whenever a government entity newly constructs a bus stop pad or newly

18  constructs or alters streets, roads, or highways, it must install curb ramps at any intersection

19  having curbs or other barriers to entry from a street level pedestrian walkway, to ensure that

20  newly constructed or altered pedestrian right of way programs and facilities are readily

21  accessible to and usable by individuals with disabilities.  28 C.F.R. § 35.151(a)(1), (b)(1),

22  (b)(4)(i)(1), (b)(4)(i)(2); 28 C.F.R. pt. 36, app. D § 10.2.1; 45 C.F.R. § 84.23(b); 36 C.F.R. pt.

23  1191, app. D § 810.2.3.  Since September 21, 1977, Washington law has also required

COMPLAINT - 3

installation of curb ramps at intersections and crosswalks.  Wash. Rev. Code § 35.68.075.  The ADA and Section 504 also mandate that a public entity operate each program, service, or activity so that the program, service, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities.  28 C.F.R. § 35.150(a), (b)(1); 45 C.F.R. § 84.22(a), (b).  To the extent structural changes to facilities existing as of the effective date of the ADA or Section 504 are necessary to achieve this "program access" mandate, such changes were to have been made by no later than January 26, 1995 under the ADA, and by no later than June 3, 1980 under Section 504.   28 C.F.R. § 35.150(c); 45 C.F.R. § 84.22(d).

6.    The City's pedestrian right of way, when viewed in its entirety, is not readily accessible to and usable by persons with mobility disabilities due to the City's failure to install and maintain accessible curb ramps.  In addition, the City has failed to install accessible curb ramps or remediate existing curb ramps as part of new construction or alterations of its streets, roadways, and highways.  As a result, Plaintiffs and other persons with mobility disabilities must forgo participation in daily activities — including visiting public facilities, places of public accommodation, or friends — or risk injury or damage to their mobility devices by traveling on or around inaccessible portions of the pedestrian right of way.  At times, Plaintiffs are able to use the pedestrian right of way, but only by taking circuitous routes to avoid barriers to accessibility, which wastes their time and energy.  As a result of the many missing and noncompliant curb ramps in the City, people with mobility disabilities do not have full and equal access to the pedestrian right of way.

7.    The discrimination and denial of meaningful, equal and safe access to the City's pedestrian right of way for persons with mobility disabilities complained of herein is the direct

COMPLAINT - 4

result of Defendant's policies, procedures, and practices with regard to pedestrian walkways and disability access, including, but not limited to the following:

    a.    The failure to install accessible curb ramps at locations where no curb ramps exist, or where inaccessible curb ramps exist, within the time required by applicable federal disability access laws or on any other reasonable schedule;

    b.    The failure to install accessible curb ramps, or remediate existing noncompliant curb ramps, at street corners or sidewalks that are newly constructed, resurfaced or otherwise altered;

    c.    The failure to install curb ramps at intersections in the City that are necessary to provide meaningful, equal and safe access to the pedestrian right of way;

    d.    The failure to develop and implement a process for identifying intersections and corners throughout the City at which curb ramps are necessary to provide meaningful, equal, and safe access to the pedestrian right of way;

    e.    The failure to adopt and utilize or require and enforce the utilization of a curb ramp design that complies with applicable federal and state design standards or guidelines;

    f.    The failure to install accessible curb ramps within a reasonable time frame after receiving a request to do so or otherwise being notified of the need for an accessible curb ramp at a particular location;

COMPLAINT - 5

g.      The failure to adopt or implement reasonable administrative methods, policies, and procedures for inspecting, repairing, and maintaining the pedestrian right of way, including curb ramps, as required by Title II of the ADA and its implementing regulations including 28 C.F.R. § 35.133 (maintenance of accessible features);

h.      The failure to remediate corners with no curb ramps or with curb ramps that are not properly positioned such that they require pedestrians with mobility disabilities to travel around the corner in the street alongside vehicular traffic in order to access a crossing, or cause pedestrians with mobility disabilities to roll or fall into the roadway;

i.      The failure to remediate curb ramps that are designed and/or constructed in a noncompliant manner such that people with mobility disabilities are denied meaningful access to the pedestrian right of way as a whole.  These deficiencies often include one or more of the following:

   i.      Running, cross, and side slopes of curb ramps that are excessively steep;

   ii.      Ramps that are too narrow to accommodate wheelchairs or scooters;

   iii.      Landings at the top of curb ramps that do not provide enough space for a wheelchair to maneuver onto or off the ramp, forcing persons with mobility disabilities to use the much steeper side flares or roll off the sidewalk entirely;

COMPLAINT - 6

    iv.       Excessive counter slopes at the bottoms of curb ramps.  The combination of excessive curb ramp slopes and/or gutter pan counter slopes often forces wheelchair users to scrape the paving with their foot rests and can even bring a wheelchair or scooter to a full stop, creating risks of falling and injury; and

    v.       Lips at the bottom of curb ramps where the ramp meets the gutter. Such non-flush transitions create additional risks of scraping the pavement and/or sudden stops and possible falls and injury. Federal access codes have required smooth transitions at the base of curb ramps for several decades.

8.      These administrative methods, policies, and practices, or lack thereof, discriminate against persons with disabilities by denying them  access to the City's pedestrian right of way.  Large sections of the more than 2,000 miles of sidewalks within the City's pedestrian right of way are inaccessible to persons with mobility disabilities due to missing or faulty curb ramps.  Representative and illustrative examples of the foregoing types of disability access barriers located throughout the City are identified below at Paragraphs 35-48 and in Exhibit A to this Complaint.

9.      For decades, Defendant has failed to meet ADA, Section 504, and Washington state accessibility requirements and failed to adopt and implement systematic efforts to ensure that the City's pedestrian right of way is readily accessible to and useable by persons with mobility disabilities.  Furthermore, Defendant has for decades made compliance with the ADA and Section 504 a lower priority than other activities and projects, including discretionary activities and projects not mandated by law.  Prioritizing compliance with the ADA and Section

COMPLAINT - 7

504 in this manner also constitutes a policy or practice that denies program access to and discriminates against persons with mobility disabilities.  This lawsuit seeks a court order requiring Defendant to comply with these laws and to provide people with mobility disabilities meaningful access to the City's pedestrian right of way over 25 years after the enactment of the ADA, and many more years after enactment of Section 504 and Washington's disability rights protections.

10.      Plaintiffs made efforts to resolve this dispute without litigation.  In a letter dated January 17, 2014, Plaintiffs identified multiple deficiencies and offered to enter into negotiations to resolve the claims alleged therein, requesting that Defendant remedy or make plans to remedy the violations.  The parties engaged in negotiations over a period of more than a year but have been unable to resolve their dispute.

11.      Plaintiffs thus bring this action to remedy violations of Title II of the ADA, 42 U.S.C. § 12131, *et seq.*, and its accompanying regulations, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et* seq. and its accompanying regulations, and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 *et seq.*  Plaintiffs seek declaratory and injunctive relief pursuant to the above statutes and an award of reasonable attorneys' fees and costs under applicable law.

## JURISDICTION AND VENUE

12.      This is an action for declaratory and injunctive relief, brought pursuant to Title II of the ADA, 42 U.S.C. § 12101 to 12213; Section 504 , 29 U.S.C. § 794, *et seq.*; and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 *et seq.* to redress systemic civil rights violations against people with mobility disabilities by the City of Seattle.

COMPLAINT - 8

13.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 for claims arising under the ADA and Section 504.

14.     This Court has jurisdiction to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 65 of the Federal Rules of Civil Procedure.

15.     Under the doctrines of pendent and supplemental jurisdiction, this Court has jurisdiction over claims alleged herein arising under Washington state law.  28 U.S.C. § 1367.

16.     Venue over Plaintiffs' claims is proper in the Western District of Washington because Defendant resides in the Western District of Washington within the meaning of 28 U.S.C. § 1391, and because the events, acts, and omissions giving rise to Plaintiffs' claims occurred in the Western District of Washington.

## PARTIES

17.     Named Plaintiff Conrad Reynoldson lives and works in Seattle.  Plaintiff Reynoldson has a mobility disability that substantially limits his ability to walk, and uses an electric wheelchair for mobility due to his disability.  Plaintiff Reynoldson is a "qualified person with a disability" and a person with "a disability" within the meaning of all applicable statutes and regulations including 42 U.S.C. § 12131(2), 28 C.F.R. § 35.104, 29 U.S.C. § 705(20)(B), and the Washington Law Against Discrimination.

18.     Named Plaintiff Stuart Pixley is a resident of Bellevue, Washington who travels to Seattle on a weekly basis, has a mobility disability that substantially limits his ability to walk, and uses an electric wheelchair for mobility due to his disability.  Plaintiff Pixley is a "qualified person with a disability" and a person with "a disability" within the meaning of all applicable statutes and regulations including 42 U.S.C. § 12131(2), 28 C.F.R. § 35.104, 29 U.S.C. § 705(20)(B), Wash. Rev. Code §§ 49.60.010 *et seq.*

COMPLAINT - 9

19.     Named Plaintiff David Whedbee lives and works in Seattle.  Plaintiff Whedbee has a mobility disability that substantially limits his ability to walk, and uses an electric wheelchair for mobility.  Plaintiff Whedbee is a "qualified person with a disability" and a person with "a disability" within the meaning of all applicable statutes and regulations including 42 U.S.C. § 12131(2), 28 C.F.R. § 35.104, 29 U.S.C. § 705(20)(B), and the Washington Law Against Discrimination.

20.     The Plaintiff class consists of all persons with mobility disabilities who use or will use the pedestrian right of way in the City of Seattle through the date of judgment in this action.

21.     Hereafter, references in this document to "Plaintiffs" shall be deemed to include the Named Plaintiffs and each member of the class, unless otherwise indicated.

22.     Presently, and at all times relevant to this complaint, Defendant City of Seattle has been a public entity within the meaning of Title II of the ADA and has received federal financial assistance within the meaning of the Rehabilitation Act sufficient to invoke its coverage.

23.     The City is a local government entity with the responsibility of providing Plaintiffs with access to its public facilities, programs, services, and activities.  The City is responsible for constructing, maintaining, repairing, and regulating its pedestrian right of way.

## FACTS APPLICABLE TO ALL CLAIMS

24.     As a result of Defendant's policies and practices with regard to curb ramps in the City's pedestrian right of way, people with mobility disabilities have been discriminated against and denied full and equal access to the benefits of the City's pedestrian right of way program or service.

COMPLAINT - 10

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington   98104
(206) 324-1521 · Fax: (206) 957-0729

25.     Hereafter, an "Inaccessible" curb ramp shall refer to a curb ramp that did not comply with applicable standards for accessible design (i.e., the Uniform Federal Accessibility Standards ("UFAS"), 1991 ADA Standards for Accessible Design ("ADAAG") or the 2010 ADA Standards for Accessible Design ("2010 ADAAG")), at the time it was constructed or altered.

26.     Defendant has failed and is failing to install, remediate, repair, and maintain curb ramps as required by law.  For example, thousands of intersections in the City have no curb ramps or an inadequate number of curb ramps.  Even where curb ramps exist, many are improperly installed and/or maintained, lack a flush transition to the street, have excessively steep running, cross, and side slopes, are too narrow, and/or are otherwise noncompliant.  Many other curb ramps are not maintained; they are broken, cracked, crumbled, sunken, and/or caved.

27.     As a result of Defendant's policies and practices with regard to curb ramps, large segments of the City's pedestrian right of way do not comply with new construction or alteration accessibility requirements.  For example, the City has consistently failed to install curb ramps and remediate existing curb ramps when it alters or constructs sidewalks and streets.

28.     As a result of the many missing and noncompliant curb ramps at intersections throughout the City, the pedestrian right of way, viewed in its entirety, is inaccessible to persons with mobility disabilities.  Plaintiffs and others with mobility disabilities are therefore denied meaningful access to the City's pedestrian right of way, public buildings, parks, transportation, and/or places of employment and public accommodation, either through complete denials of access or through delay of travel or unsafe conditions.

29.     This lack of accessible curb ramps is not isolated or limited.  Rather, these barriers to full and equal access to the pedestrian right of way exist throughout the City, thus

COMPLAINT - 11

denying individuals with mobility disabilities full, equal, and meaningful access to the pedestrian right of way City-wide.  Persons with mobility disabilities encounter missing or Inaccessible curb ramps throughout the City, including in such areas as Downtown Seattle, Pioneer Square, the University District, Wallingford, Fremont, Columbia City, Hillman City, Rainier Beach, Central District, Queen Anne, Capitol Hill, Ballard, Crown Hill, Magnolia, West Seattle, and Mount Baker.  As a result, persons with mobility disabilities have been denied access to the accommodations and services available to the general public.  Furthermore, these barriers deter persons with mobility disabilities from exploring or visiting areas of the City.  Missing and Inaccessible curb ramps also delay travel and cause persons with mobility disabilities to fear for their safety, as these conditions often create dangerous situations.

30.     Defendant has not provided and does not provide persons with mobility disabilities with any map (whether paper or electronic), signage or other form of notice of any routes, or parts of routes, in the City's pedestrian right of way that are accessible to persons with mobility disabilities.  Notice of completed accessibility improvements and plans for scheduled accessibility improvements are not posted on the City websites, and notice of such information is not made otherwise available to persons with mobility disabilities.  As a result of the lack of any notice, maps, or signage regarding the location of accessible routes within the City's pedestrian right of way, persons with mobility disabilities have been and continue to be deterred from and impeded in travelling to various parts of the City, thus denying them meaningful and equal access to the City's pedestrian right of way and its other facilities, programs, services, and activities.

31.     Defendant failed to prepare and implement a timely Self Evaluation relating to the construction and maintenance of curb ramps as required by federal law.  The federal regulations

COMPLAINT - 12

1   of Section 504 of the Rehabilitation Act and the ADA require that public entities create a Self

2   Evaluation by June 3, 1978 and July 26, 1992, respectively.  45 C.F.R § 84.6; 28 C.F.R. §

3   35.105.  A Self Evaluation must include an evaluation of whether current services, policies, and

4   practices discriminate on the basis of disability.  The City made no efforts to evaluate its

5   pedestrian right of way for accessibility until 2008 when it undertook a survey to determine the

6   existence of curb ramps at intersections within the City.  This initial evaluation occurred

7   approximately thirty-years after the deadline established by Section 504, and sixteen years after

8   the deadline established by the ADA.

9        32.     Defendant has failed and is failing to prepare and implement a Transition Plan

10  relating to the construction and maintenance of curb ramps in the pedestrian right of way as

11  required by federal law.  The regulations implementing Section 504 of the Rehabilitation Act

12  required public entities that receive federal financial assistance to create a Transition Plans by

13  June 3, 1978.  *See* 45 C.F.R. § 84.22(e).  The regulations implementing Title II of the ADA

14  required local governmental entities to create Transition Plans by July 26, 1992.  *See* 28 C.F.R. §

15  35.150(d).  A Transition Plan must include, among other things, an up-to-date schedule for

16  providing curb ramps or other sloped areas where the pedestrian right of way crosses streets.  *See*

17  28 C.F.R. § 35.150(d)(3); 45 C.F.R. § 84.22(e).  To date, Defendant has not prepared a compliant

18  Transition Plan pursuant to either Section 504 or the ADA.

19       33.     Defendant's failure to conduct a timely Self Evaluation and prepare and

20  implement a compliant Transition Plan relating to the pedestrian right of way, including curb

21  ramps, as required by Section 504 and the ADA, is further evidence of Defendant's failure to

22  comply with the "program access" requirements of both statutes.

23

COMPLAINT - 13

34.     This discrimination and continuing systemic inaccessibility cause a real and immediate threat of current and continuing harm to persons with mobility disabilities within the City as represented by the experiences of the Named Plaintiffs.

## EXPERIENCES OF THE NAMED PLAINTIFFS

35.     Named Plaintiff Conrad Reynoldson has muscular dystrophy and uses an electric wheelchair for mobility.  He lives in the Laurelhurst neighborhood of Seattle, very close to the University District, and recently graduated from the University of Washington School of Law, which is in the University District.  He has encountered numerous barriers to full and equal use of the pedestrian right of way in neighborhoods throughout the City.  This includes, but is not limited to those described below.

36.     In particular, Plaintiff Reynoldson encounters many barriers to accessibility in the University District.  For example, at the intersection of Northeast 62nd Street and 12th Avenue Northeast, there are no curb ramps at any corner.  Additionally, at the corner of Northeast 61st Street and 12th Avenue Northeast, there are no curb ramps that allow travel from east to west across 12th Avenue Northeast.  At these and other intersections with missing curb ramps, Plaintiff Reynoldson must use driveways to descend to street level and then ride in the street with vehicular traffic, which places him in danger.  Plaintiff Reynoldson enjoys spending time in the University District for social engagements, entertainment events, and church events.  Although he lives very close to the University District, he is forced to travel by car instead of by wheelchair due to the many missing curb ramps.  In addition, he travels to the University District far less frequently than he would like to due to the dangers involved in attempting to navigate the City's pedestrian right of way.

COMPLAINT - 14

37.     Plaintiff Reynoldson also encounters many barriers to accessibility in the Wallingford neighborhood of Seattle.  For example, along Northeast 44th Street, almost no intersections for approximately half a mile have any curb ramps at any corner.  Specifically, there are no curb ramps on any corner of the intersections of Northeast 44th Street with Latona Avenue, 1st Avenue Northeast, Sunnyside Avenue North, Corliss Avenue North, Bagley Avenue North, and Burke Avenue North.  Additionally, at the intersections of Northeast 44th Street and Eastern Avenue North and at Northeast 44th Street and Wallingford Avenue North, the only ramps that exist are on the northwest corners facing south and the southwest corners facing north, allowing only travel north and south on the west side of the intersections.  Similar barriers exist along Northeast 43rd Street where no intersections for approximately one-third mile have any curb ramps at any corner except for two intersections that only allow travel north and south on one side of the intersection.  Specifically, there are no curb ramps on any corner of the intersections of Northeast 43rd Street with 1st Avenue Northeast, Sunnyside Avenue North, Corliss Avenue North, Bagley Avenue North, and Burke Avenue North.  Additionally, at the intersections of Northeast 43rd Street and Eastern Avenue North and at Northeast 43rd Street and Meridian Avenue North, the only ramps that exist are on the northwest corners facing south and the southwest corners facing north, allowing only travel north and south on the west side of the intersection.  Plaintiff Reynoldson frequently travels to Wallingford for social engagements.  In order to travel down 43rd Street or 44th Street, Plaintiff Reynoldson must use driveways to descend to street level and then ride in the street along with cars, which is dangerous.  Plaintiff Reynoldson can only avoid this result by making sure he parks on 45th Street, but 45th Street is very busy and does not always have parking available.

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

1    38.    Due to the many barriers to accessibility in the University District, Wallingford,

2    and many other areas of Seattle, Plaintiff Reynoldson's ability to travel throughout Seattle is

3    compromised.  He frequently has to allow a great deal of extra time to reach his destination just

4    so that he will be able to find parking in a location near a route that he knows to be accessible.

5    Other times, Plaintiff Reynoldson is forced to pay extra money for a parking spot close to his

6    destination, such as when he attends professional sports events downtown, in order to avoid the

7    great dangers involved in trying to navigate the pedestrian right of way while having to use the

8    vehicular roadway.  In addition, the inaccessibility of the pedestrian right of way in the City has

9    become a factor in his major life decisions.  For example, in deciding where to locate the office

10   of the business he is starting, Plaintiff Reynoldson is taking into account whether he will be able

11   to reach his office safely via the pedestrian right of way.

12   39.    As a result of the foregoing, Plaintiff Reynoldson has been and continues to be

13   denied equal access to his neighborhood and other parts of his community that persons without

14   mobility disabilities enjoy.  He is often deterred from using his wheelchair to visit public

15   facilities, places of public accommodation, and friends because he chooses instead to remain safe

16   from the serious risks involved in navigating the inaccessible pedestrian right of way.  He is also

17   forced to risk his safety by traveling in the street because there are insufficient accessible curb

18   ramps to allow him to travel freely on City sidewalks.

19   40.    Named Plaintiff Stuart Pixley has cerebral palsy and uses an electric wheelchair

20   for mobility.  He lives in Bellevue, Washington but travels to Seattle on a weekly basis for social

21   engagements, entertainment events, professional meetings, and functions at the school that his

22   children attend.  He has encountered numerous obstacles to using portions of the pedestrian right

23   of way throughout the City.  This includes, but is not limited to, those described below.

COMPLAINT - 16

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington   98104
(206) 324-1521 · Fax: (206) 957-0729

41.     In particular, Plaintiff Pixley encounters many barriers to accessibility in downtown Seattle.  For example, at the intersection of Yesler Way and Terrace Street, there is no curb ramp at either corner for crossing Terrace Street.  At the intersection of 4th Avenue South and South Main Street, there is no curb ramp at the northwest corner.  At the intersection of 1st Avenue South and South Columbia Street, the curb ramps at the northeast, southeast, and southwest corners are not aligned with the crosswalks, forcing Plaintiff Pixley into the path of vehicular traffic before reaching a crosswalk.

42.     Due to these and other barriers, Plaintiff Pixley must choose between his time and his safety when he travels on the pedestrian right of way in the City.  He sometimes travels three times the distance of a direct route in order to find usable curb ramps, while also avoiding other obstacles, such as the naturally hilly terrain.  When Plaintiff Pixley encounters corners that are missing curb ramps, he must use a driveway in the middle of the street, if one is even available, to descend to street level and then ride in the street along with vehicular traffic until he reaches the intersection, which endangers his safety.  Corners with curb ramps that do not align with the crosswalk are also dangerous, because he is forced into the line of traffic.  On several occasions, he has nearly been hit by a car at intersections with missing or unsafe curb ramps.  If Plaintiff Pixley attempts to ride over a curb with no curb ramp, he risks falling out of his wheelchair or damaging his wheelchair.  He often finds that his wheelchair batteries become depleted due to the longer routes he must take to reach his destination.  If his wheelchair were to break down due to overuse or damage, Plaintiff would be stranded and vulnerable.  Thus, Plaintiff Pixley experiences a great deal of stress and fear because of the many access barriers that he encounters in the City's pedestrian right of way.

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

43.     As a result of the foregoing, Plaintiff Pixley is deterred from visiting Seattle as frequently as he would like to.  When he does attempt to navigate the pedestrian right of way in the City, he experiences stress and great inconvenience.  He also faces serious risks to his safety when he encounters missing or inadequate curb ramps and is forced to ride into the street.

44.     Named Plaintiff David Whedbee is paraplegic and uses an electric wheelchair for mobility.  He lives in the Columbia City neighborhood and works in Downtown Seattle.  He also regularly travels throughout Seattle on the weekends for both entertainment and professional activities.  Plaintiff Whedbee routinely experiences inconvenience and potential risk to his safety in Seattle because of missing or deficient curb ramps in the City's pedestrian right of way.  He is often unable to find a curb ramp and is forced to travel into traffic lanes until he can find an accessible curb ramp or a mid-block driveway to use instead.  The barriers he has encountered include, but are not limited to, those described below.

45.     In Downtown Seattle, Plaintiff Whedbee has encountered a number of intersections with missing curb ramps, as well as curb ramps that are dangerous to use because they are too far from the crosswalk or positioned in a manner that forces him into the flow of vehicular traffic before reaching the curb ramp.  For example, at the intersection of Jackson Street and 4th Avenue, the northwest curb ramp is outside of the crosswalk and in the bus lane, so Plaintiff Whedbee is forced to travel in the bus lane in order to reach the crosswalk.  At the intersection of Bellevue Avenue and East Pike Street, there is no curb ramp at the southwest corner, and at the southeast and northeast corners, the ramp is outside the crosswalk, again forcing him to travel in the bus lane.  As a result of these barriers to accessibility, Plaintiff Whedbee is limited in his ability to travel around Downtown Seattle.  He must plan additional time for his travel, often taking a more circuitous route in order to avoid missing or dangerous

COMPLAINT - 18

1    curb ramps.  Otherwise, he is forced to travel in the street with vehicular traffic and risk his

2    safety.  The corners at the intersection of Jackson Street and 5th Avenue are a particular concern

3    to Plaintiff Whedbee, because he travels through this intersection nearly every day, and it is

4    located in a high-traffic area of the City.

5           46.    In the Columbia City neighborhood, Plaintiff Whedbee has also encountered a

6    number of intersections with missing curb ramps.  For example, at the intersection of 42nd

7    Avenue South and South Dawson Street, each corner is missing a curb ramp in at least one

8    direction.  At the intersection of 48th Avenue South and South Hudson Street, there are no curb

9    ramps on the southeast, southwest, and northwest corners.  As a result of these and other missing

10   curb ramps in his neighborhood, Plaintiff Whedbee is limited in his ability to travel the sidewalks

11   and thoroughfares of his own neighborhood.  When he does use the pedestrian right of way,

12   Plaintiff Whedbee is often forced to use unpredictable driveways to descend to street level,

13   which can be dangerous because it puts him in the line of vehicular traffic.

14          47.    As a result of the foregoing, Plaintiff Whedbee has been and continues to be

15   limited in his ability to use much of the pedestrian right of way in the City due to poorly

16   positioned, steep, or missing curb ramps.  The need to use circuitous routes can cause delay and

17   unsafe situations for wheelchair use.  Traveling in the street causes Plaintiff Whedbee stress,

18   great inconvenience, and undue risk to his safety.

19          48.    These experiences are typical of those experienced by persons with mobility

20   disabilities in the City and demonstrate the inaccessibility, fear, humiliation, and isolation that

21   people with mobility disabilities experience while trying to navigate the City's pedestrian right

22   of way.

23

COMPLAINT - 19

## OTHER SPECIFIC BARRIERS

49.     Exhibit A to this Complaint identifies missing and Inaccessible curb ramps at various locations within the City's pedestrian right of way.  Plaintiffs incorporate by reference the entire contents of Exhibit A into this Complaint as though fully alleged herein.  The barriers listed in Exhibit A require some form of remediation to meet the City's program access obligations, and/or its obligations to perform new construction and/or alterations in full compliance with federal and state disability access design standards.  Some of the barriers identified in Exhibit A are so severe that they constitute safety hazards to persons with mobility disabilities, including curb ramps with running slopes greater than 8.3%.

50.     Exhibit A does not represent an exhaustive list of missing and Inaccessible curb ramps.  Exhibit A merely provides a partial list of such barriers facing the Named Plaintiffs and class members throughout the City as they attempt to navigate the City's pedestrian routes. Neither the ADA, Section 504, nor state law requires Plaintiffs to identify each and every barrier limiting access to the City's pedestrian routes.  Rather, the ADA and Section 504 require the City to complete a transition plan identifying barriers at existing facilities, including those barriers involving curb ramps, crosswalks, and mid-block barriers on sidewalks.  The City has failed to comply with these requirements as alleged herein.

## CLASS ACTION ALLEGATIONS

51.     Plaintiffs bring this action individually, and on behalf of all persons with mobility disabilities who use or will use the pedestrian right of way in the City of Seattle, as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

52.     Each member of the class is a "qualified person with a disability" and/or a person with a "disability" pursuant to 42 U.S.C. § 12131(2), Section 504 of the Rehabilitation Act, 29

COMPLAINT - 20

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521  ·  Fax: (206) 957-0729

U.S.C. § 794, *et seq.*, and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 *et seq*. The persons in the class are so numerous that the joinder of all such persons is impracticable and that the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court. The class consists of tens of thousands of persons with mobility disabilities.

53. Defendant has failed and continues to fail to comply with the ADA, Section 504, and the Washington Law Against Discrimination in its implementation of the City's administrative methods, policies, procedures, and practices with regard to the construction, remediation, and maintenance of curb ramps that provide access to the City's pedestrian right of way.

54. Defendant has not adopted and does not enforce appropriate administrative methods, policies, procedures, and/or practices to ensure that it is in compliance with the ADA, Section 504, and the Washington Law Against Discrimination to ensure nondiscrimination against persons with mobility disabilities and equal access to facilities, programs, services, and activities for persons with mobility disabilities.

55. The violations of the ADA, Section 504, and the Washington Law Against Discrimination set forth in detail herein have injured all members of the proposed class and violated their rights in a similar way.

56. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole. Class claims are brought for the purposes of obtaining declaratory and injunctive relief only.

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington   98104
(206) 324-1521 ᐧ Fax: (206) 957-0729

57.     The claims of the Named Plaintiffs are typical of those of the class in that they arise from the same course of conduct engaged in by Defendant.  The relief sought herein will benefit all class members alike.

58.     Named Plaintiffs will fairly and adequately represent the interests of the class. They have no interests adverse to the interests of other members of the class and have retained counsel who are competent and experienced in litigating complex class actions, including large-scale disability rights class action cases.

59.     The requirements of Rule 23 of the Federal Rules of Civil Procedure are met with regard to the proposed class in that:

  a. The class is so numerous that it would be impractical to bring all class members before the Court;

  b. There are questions of law and fact which are common to the class;

  c. The Named Plaintiffs' claims for declaratory and injunctive relief are typical of the claims of the class;

  d. The Named Plaintiffs will fairly and adequately represent common class interests and are represented by counsel who are experienced in law reform class actions and the disability rights issues in this case; and

  e. Defendant has acted or refused to act on grounds generally applicable to the class.

60.     The common questions of law and fact, shared by the Named Plaintiffs and all class members, include but are not limited to:

  a. Whether Defendant is violating Title II of the ADA, 42 U.S.C. sections 12131, *et seq.*, by failing to install or remediate curb ramps that make the

COMPLAINT - 22

City's pedestrian right of way program, service, or activity accessible to and useable by persons with mobility disabilities, and otherwise discriminating against persons with mobility disabilities, as set forth above;

b.      Whether Defendant is violating Section 504 of the Rehabilitation Act, 29 U.S.C. section 794 et *seq*., by failing to install or remediate curb ramps that make the City's pedestrian right of way program, service, or activity accessible to and useable by persons with mobility disabilities, and otherwise discriminating against people with mobility disabilities, as set forth above;

c.      Whether Defendant is violating the Washington Law Against Discrimination, Wash. Rev. Code § 49.60.010 *et seq.*, by failing to install or remediate curb ramps that make the City's pedestrian right of way program, service, or activity accessible to and useable by persons with mobility disabilities, and otherwise discriminating against persons with mobility disabilities, as set forth above;

d.      Whether Defendant has performed "new construction" and/or "alterations" to the City's pedestrian right of way within the meaning of 28 C.F.R. § 35.151, triggering an obligation to construct or retrofit curb ramps;

e.      Whether Defendant has performed "new construction" and/or "alterations" to the City's pedestrian right of way within the meaning of 45 C.F.R. § 84.23, triggering an obligation to construct or retrofit curb ramps;

COMPLAINT - 23

f.   Whether Defendant has "built" and/or "remodeled" any portion or portions of the City's pedestrian right of way, within the meaning of Wash. Admin. Code § 162-26-100(3), triggering an obligation to construct or retrofit curb ramps;

g.   Whether Defendant, by its actions and omissions alleged herein, has engaged in a pattern or practice of discriminating against Plaintiffs and other persons with mobility disabilities in violation of applicable federal and state disability access laws.

**FIRST CAUSE OF ACTION**
**Title II of the Americans with Disabilities Act of 1990**
**42 U.S.C. § 12101 *et seq.***

61.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

62.   Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

63.   At all times relevant to this action, the City was and is a "public entity" within the meaning of Title II of the ADA and provides a pedestrian right of way program, service, or activity to the general public.

64.   At all times relevant to this action, Plaintiffs were and are qualified individuals with disabilities within the meaning of Title II of the ADA and meet the essential eligibility requirements for the receipt of the services, programs, or activities of the City.  42 U.S.C. § 12131.

COMPLAINT - 24

65.     Defendant is mandated to operate each program, service, or activity "so that, when viewed in its entirety, it is readily accessible to and useable by individuals with disabilities." 28 C.F.R. § 35.150; *see also* 28 C.F.R. §§ 35.149.  This requirement applies to all programs, services, and activities that a public entity offers, whether or not they are carried out in facilities that have been constructed or altered since January 26, 1992.  Pedestrian rights of way themselves constitute a vital public program, service, or activity under Title II of the ADA.  28 C.F.R. § 35.104; *Barden v. City of Sacramento*, 292 F.3d 1073 (9th Cir. 2002).

66.     Furthermore, the regulations implementing Title II of the ADA specifically provide that a public entity must install curb ramps at intersections whenever it newly constructs or alters sidewalks, streets, roads, and/or highways at any time after January 26, 1992 and must comply with Uniform Federal Accessibility Standards (UFAS) or with the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities (ADAAG).  28 C.F.R. § 35.151.  A street resurfacing project by a public entity is one example of an alteration under the meaning of the regulation.  *Kinney v. Yerusalim*, 9 F.3d 1067, 1073-74 (3rd Cir. 1993); *Lonberg v. City of Riverside*, No. 97-CV-0237, 2007 WL 2005177, at * 6 (C.D. Cal. 2007).

67.     The regulations implementing Title II of the ADA provide that a public entity must maintain the features of all facilities required to be accessible by the ADA.  28 C.F.R. § 35.133. Facilities required to be accessible include roads, walks, and passageways.  28 C.F.R. § 35.104.

68.     Due to the lack of accessible curb ramps as alleged above, as well as Defendant's failure to conduct a timely Self Evaluation and implement a Transition Plan for the pedestrian right of way, the City's pedestrian right of way is not fully, equally, or meaningfully accessible to Plaintiffs when viewed in its entirety.  Defendant has therefore violated the "program access"

COMPLAINT - 25

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington   98104
(206) 324-1521 · Fax: (206) 957-0729

1  obligation applicable to pedestrian right of way facilities that have not been newly constructed or

2  altered since January 26, 1992.

3       69.     Additionally, the sidewalks, cross walks, and other walkways at issue constitute

4  facilities within the meaning of ADAAG and UFAS.  Plaintiffs are informed, believe, and

5  thereon allege that since January 26, 1992, Defendant has constructed, altered, or repaired parts

6  of these facilities within the meaning of the ADAAG and the UFAS, and that Defendant, through

7  its administrative methods, policies, and practices, has failed to make such facilities readily

8  accessible to and usable by persons with disabilities through the construction and retrofit of curb

9  ramps as required under federal accessibility standards and guidelines.

10       70.     Plaintiffs are informed, believe, and thereon allege that since March 15, 2012,

11  Defendant has constructed, altered, or repaired parts of these facilities within the meaning of the

12  ADAAG and the UFAS, and that Defendant, through its administrative methods, policies, and

13  practices, has failed to make such facilities compliant with the ADAAG and the UFAS as

14  updated in 2010, as required under 28 C.F.R. 35.151(c)(5).

15       71.     Plaintiffs are informed, believe, and thereon allege that Defendant and its agents

16  and employees have violated and continue to violate Title II of the ADA by failing to maintain

17  the features of the City's walkways and curb ramps that are required to be accessible.

18       72.     Plaintiffs are informed, believe, and thereon allege that Defendant and its agents and

19  employees have violated and continue to violate Title II of the ADA by failing to timely respond to

20  and remedy complaints regarding the lack of accessible curb ramps necessary to ensure access to the

21  City's pedestrian right of way.

22       73.     The ADA's regulations at 43 C.F.R. §17.550(a)(3) prevent public entities from

23  refusing to comply with their obligations to provide persons with disabilities meaningful access

COMPLAINT - 26

to their programs and services by claiming that doing so would impose an undue financial or administrative burden, unless such a determination is made by an agency head or his or her designee after consulting all agency resources available for use in the funding and operation of the conducted program or activity and the determination is accompanied by a written statement of the reasons for reaching that conclusion.  On information and belief, the City, through its agency heads and/or designees, has failed to make such a determination accompanied by the required written statement and has, therefore, failed to demonstrate that providing the access Plaintiffs seek to its pedestrian right of way would impose an undue financial or administrative burden.

74.     As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered and continue to suffer difficulty, hardship, anxiety, and danger, due to Defendant's failure to remediate missing, defective, Inaccessible curb ramps throughout the City's pedestrian right of way.  These failures have denied and continue to deny Plaintiffs the full, equal, and meaningful access to the pedestrian right of way that the ADA requires.

75.     Because Defendant's discriminatory conduct presents a real and immediate threat of current and continuing future violations, declaratory and injunctive relief are appropriate remedies.

76.     Pursuant to 42 U.S.C. § 12133 and 12205, Plaintiffs are entitled to declaratory and injunctive relief as well as reasonable attorneys' fees, expert expenses, and costs incurred in bringing this action.

WHEREFORE, Plaintiffs pray for relief as set forth below.

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington   98104
(206) 324-1521 · Fax: (206) 957-0729

## SECOND CAUSE OF ACTION
### Section 504 of the Rehabilitation Act of 1973
### 29 U.S.C. § 794 *et seq.*

77.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

78.     Section 504 of the Rehabilitation Act of 1973 provides in pertinent part: "[N]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance . . ." 29 U.S.C. § 794(a).

79.     Plaintiffs are otherwise qualified to participate in the services, programs, or activities that are provided to individuals in the City.  *See* 29 U.S.C. § 794(b).

80.     The City is a direct recipient of federal financial assistance sufficient to invoke the coverage of Section 504, and has received such federal financial assistance at all times relevant to the claims asserted in this Complaint.

81.     Defendant and its agents and employees have violated and continue to violate the Rehabilitation Act and the regulations promulgated thereunder by excluding Plaintiffs from participation in, denying Plaintiffs the benefits of, and subjecting Plaintiffs based solely by reason of their disability to, discrimination in the benefits and services of the City's pedestrian right of way and for the reasons set forth above.

82.     Additionally, under Section 504, a recipient of federal financial assistance must install ADAAG- or UFAS-compliant curb ramps at intersections whenever it newly constructs or alters sidewalks, streets, roads, and/or highways at any time after June 3, 1977.  *Willits v. City of Los Angeles*, 925 F. Supp. 2d. 1089, 1094 (C.D. Cal. 2013).  Defendant has violated Section 504

COMPLAINT - 28

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ᐧ Fax: (206) 957-0729

by failing to construct or install such compliant curb ramps at intersections throughout the City where it has newly constructed or altered streets, roads, and/or highways since June 3, 1977.

83.      As a direct and proximate result of the aforementioned acts, Plaintiffs suffered and continue to suffer difficulty, hardship, anxiety, and danger due to Defendant's failure to remediate missing, defective, Inaccessible curb ramps throughout the City's pedestrian right of way.  These failures have denied Plaintiffs the full, equal, and meaningful access to the pedestrian right of way that Section 504 requires.

84.      Because Defendant's discriminatory conduct presents a real and immediate threat of current and continuing violations, declaratory and injunctive relief are appropriate remedies.

85.      Pursuant to 29 U.S.C. § 794a, Plaintiffs are entitled to declaratory and injunctive relief, and to recover from Defendant the reasonable attorneys' fees and costs incurred in bringing this action.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### THIRD CAUSE OF ACTION
**Washington Law Against Discrimination**
**Revised Code of Washington §§ 49.60.010-49.60.505**

86.      Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

87.      Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part:

> The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . .

COMPLAINT - 29

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington   98104
(206) 324-1521 · Fax: (206) 957-0729

88.     The City's pedestrian right of way is a "place of public resort, accommodation, assemblage, or amusement" within the meaning of the Washington Law Against Discrimination, Wash. Rev. Code § 49.60.040.

89.     Other examples of a "place of public resort, accommodation, assemblage, or amusement" within the meaning of the Washington Law Against Discrimination, Wash. Rev. Code § 49.60.040, include but are not limited to courthouses, businesses, and transportation terminals.

90.     Many places of public resort, accommodation, assemblage, or amusement within the City are adjacent to or otherwise joined with the pedestrian right of way, such that equal access to those places depends on equal access to the pedestrian right of way.

91.     Plaintiffs are individuals with disabilities within the scope of the Washington Law Against Discrimination.

92.     Plaintiffs are informed, believe, and thereon allege that Defendant and its agents and employees have violated and continue to violate sections 49.60.010 *et seq.* of the Revised Code of Washington by unlawfully denying Plaintiffs full and equal access to the City's pedestrian right of way comparable to the access that it offers to others and for the reasons set forth above, including violating the ADA.

93.     Furthermore, Plaintiffs are informed, believe, and thereon allege that Defendant and its agents and employees have violated and continue to violate sections 49.60.010 *et seq.* of the Revised Code of Washington by unlawfully denying Plaintiffs full and equal access to other places of public resort, accommodation, assemblage, or amusement, including but not limited to courthouses, businesses, and transportation terminals, equal access to which depends on access to the pedestrian right of way.

COMPLAINT - 30

94.     Defendant's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington §§ 49.60.010 *et seq.*, in that persons with mobility disabilities have been and are denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to non-disabled persons.

95.     As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered and continue to suffer difficulty, hardship, anxiety, and danger due to Defendant's failure to remediate missing, defective, Inaccessible curb ramps throughout the City's pedestrian right of way.  These failures have denied Plaintiffs the full and equal enjoyment of the pedestrian right of way that the Washington Law Against Discrimination requires.

96.     Because Plaintiffs have a clear legal right to access the pedestrian right of way and the places of public accommodation it serves; have a well-grounded fear of immediate invasion of that right; and have been actually injured as a result of Defendant's conduct as alleged herein, declaratory and injunctive relief are appropriate remedies.  *See Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

97.     Pursuant to Wash. Rev. Code § 49.60.030(2), Plaintiffs are entitled to declaratory and injunctive relief and to recover from Defendant the reasonable attorneys' fees and costs incurred in bringing this action.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment as follows:

A.     A declaration that Defendant's conduct as alleged herein has violated and continues to violate Title II of the Americans with Disabilities Act of 1990, Section 504 of the

COMPLAINT - 31

Rehabilitation Act of 1973, the Washington Law Against Discrimination, and the regulations promulgated under those statutes;

      B.     Issuance of permanent injunction requiring Defendant to undertake remedial measures to mitigate the effects of Defendant's past and ongoing violations of Title II of the ADA, Section 504 of the Rehabilitation Act, and the Washington Law Against Discrimination, the regulations promulgated under those statutes.  At a minimum, Defendant must be enjoined to take the following actions:

         1.     Ensure that the City install, remediate, repair, and maintain curb ramps such that, when viewed in its entirety, the City's pedestrian right of way is readily accessible to and useable by individuals with mobility disabilities;

         2.     Ensure prompt remedial measures to cure past violations of the City's requirements to construct or alter curb ramps as required by the new construction and alteration obligations of Title II of the ADA, 28 C.F.R. §§ 35.151(a), (b), (c) or (i), and Section 504, 45 C.F.R. §§ 84.22, and the curb ramp design standards in effect at the time of such new construction or alterations;

         3.     Ensure that all future new construction and alterations to the City's curb ramps fully comply with the 2010 ADA Standards for Accessible Design, or other federal and Washington disability access design standards, whichever is most stringent in its disability access requirements;

         4.     Ensure that Defendant adopts and implements administrative methods, policies, and practices to maintain accessible curb ramps; and

COMPLAINT - 32

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington   98104
(206) 324-1521 · Fax: (206) 957-0729

5. Remain under this Court's jurisdiction until Defendant fully complies with the Orders of this Court;

C. Reasonable attorneys' fees and costs, as provided by law; and

D. Such other relief as the Court finds just and proper.

Dated this 8th day of October, 2015.

**DISABILITY RIGHTS WASHINGTON**

/s/*David Carlson*
David Carlson, WSBA No. 35767
davidc@dr-wa.org
Stacie Berger Siebrecht, WSBA No. 29992
stacies@dr-wa.org
Emily Cooper, WSBA No. 34406
emilyc@dr-wa.org

COMPLAINT - 33