Honorable Barbara J. Rothstein

1

2

3

4

5

6                      UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
7                                 AT SEATTLE

8  | CONRAD REYNOLDSON, STUART | No. 2:15-cv-01608-BJR |
   | PIXLEY, and DAVID WHEDBEE, on | |
9  | behalf of themselves and all others similarly | **PLAINTIFFS' MOTION FOR AN AWARD OF** |
   | situated, | **REASONABLE ATTORNEYS' FEES, COSTS,** |
10 | | **AND EXPENSES** |
   | Plaintiffs, | |
11 | | <u>**CLASS ACTION**</u> |
   | v. | |
12 | | **NOTE OF MOTION CALENDAR:** |
   | CITY OF SEATTLE, a public entity, | **November 1, 2017** |
13 | | |
   | Defendant. | |
14

15

16

17

18

19

20

21

22

23

Case No. 2:15-cv-01608-BJR                              Goldstein, Borgen, Dardarian & Ho
PLS.' MOT. FOR  AWARD OF ATTORNEYS' FEES                300 Lakeside Drive, Suite 1000
                                                        Oakland, CA 94612
                                                        Tel: (510) 763-9800; Fax: (510) 835-1417

685767.10

## I.  **INTRODUCTION**

Plaintiffs Conrad Reynoldson, Stuart Pixley, and David Whedbee (together, "Plaintiffs") move for an award of reasonable attorneys' fees, costs, and litigation expenses under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12205; Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794a(b); and the Washington Law Against Discrimination ("WLAD"), Rev. Code Wash. § 49.60.030(2).  After three years of negotiation and litigation, Plaintiffs and the City of Seattle ("City") reached a substantial settlement in this case ("Consent Decree") on behalf a class of Seattle residents and visitors who have mobility disabilities and have been or are being denied full and equal access to the City's pedestrian right of way due to the lack of accessible curb ramps.  The Consent Decree sets forth a commitment and technical standards for the City to install, remediate, and maintain curb ramps over the next eighteen years in order to dramatically increase the accessibility of its pedestrian right of way to individuals with mobility disabilities, and requires approximately $300 million in expenditures to meet these commitments.

As prevailing parties, Plaintiffs now move for an award of $1.4 million in reasonable attorneys' fees, costs, and expenses for Class Counsel's efforts investigating, negotiating, litigating and resolving this case, as set forth in the Consent Decree.  While Class Counsel have incurred approximately $2 million in fees and costs in this matter to date, they agreed to seek a $1.4 million award after vigorous, arms-length negotiations, and after resolving all other terms of the Decree.  The City does not contest Plaintiffs' motion.

## II.  **FACTUAL BACKGROUND**

On January 17, 2014, Plaintiffs sent a demand letter to the Seattle City Attorney's office and the Seattle Department of Transportation ("SDOT"), inviting the City to enter negotiations to resolve Plaintiffs' claims that the City's pedestrian right of way lacked adequate curb ramps that comply with

Case No. 2:15-cv-01608-BJR
PLS.' MOT. FOR AWARD OF ATTORNEYS' FEES
Page 1

Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800; Fax: (510) 835-1417

685767.10

federal and Washington state disability rights laws.  Declaration of Timothy P. Fox in Support of Plaintiffs' Motion for an Award of Reasonable Attorneys' Fees, Costs, and Expenses ("Fox Decl.") ¶ 13, filed herewith.  Plaintiffs' letter explained that without compliant curb ramps, people who use wheelchairs or scooters are forced to roll in the street at significant risk to their safety.  Additionally, the lack of accessible curb ramps prevents individuals with mobility disabilities from independently and fully participating in and benefitting from the City's pedestrian right of way program.  Along with the letter, Plaintiffs provided the City with charts identifying sidewalk corners with no curb ramps where curb ramps should have been installed, sidewalk crossings with curb ramps on one end of the crosswalk but not the other, and corners with curb ramps that were too narrow, too steep, not flush with the street, or otherwise non-compliant with ADA accessibility standards.  *Id.* at ¶¶ 6-13.

Prior to sending this letter, Plaintiffs and Class Counsel conducted an extensive investigation into the City's compliance with the ADA, Section 504, and WLAD's requirements for curb ramp installation, remediation, and maintenance.  This included researching and evaluating documents and conducting on-site inspections to determine whether the City installed compliant curb ramps when doing new construction or alterations in the pedestrian right of way or adjacent roadways, and whether the City installed accessible curb ramps as necessary both to provide accessible pathways to City programs, services, and facilities, and to make the City's pedestrian right of way program accessible to persons with mobility disabilities when viewed in its entirety.  *Id.* at ¶¶ 6-12.  Class Counsel compiled information from various sources to create a database that allowed them to analyze the data on Seattle's pedestrian right of way in the aggregate.  *Id.* at ¶¶ 7-8.  This investigation allowed Class Counsel to understand the scope of the City's potential violations and adequately represent Class Members' interests.  *See id.* at ¶ 8.

Case No. 2:15-cv-01608-BJR
PLS.' MOT. for AWARD of ATTORNEYS' FEES
Page 2

Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800; Fax: (510) 835-1417

685767.10

1        On February 19, 2014, the City agreed to enter into structured negotiations with Class Counsel.

2  *Id.* at ¶ 14.  Over the next nineteen months, these negotiations involved numerous in-person meetings

3  and conference calls, and exchanges and analysis of relevant information about Seattle Department of

4  Transportation ("SDOT") policies, budgets, curb ramp costs, design documents, database of pedestrian

5  right of way facilities, and other items.  Plaintiffs also provided legal analyses of various issues raised

6  by the City.  *Id.* at ¶ 18.  Negotiations stalled around September 2015, at which time Plaintiffs prepared

7  a complaint and filed suit in federal court.  *Id.* at ¶ 16; Complaint, filed October 8, 2015, ECF No. 1.

8  The complaint alleged that the City's lack of accessible curb ramps violated Title II of the ADA, 42

9  U.S.C. § 12101 *et seq.*; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*; and the WLAD,

10  Rev. Code Wash. §§ 49.60.010-49.60.505.  Filing a federal lawsuit allowed Plaintiffs to serve formal

11  discovery requests on the City and obtain additional information from the City's databases, archives

12  and witnesses about the City's construction and alterations work affecting the pedestrian right of way,

13  procedures and designs for installing curb ramps, and costs and budgets for installing curb ramps in the

14  City's pedestrian right of way, all of which Class Counsel analyzed.  *Id.* at ¶ 17.

15        Concurrent with litigation, the Parties also continued their settlement negotiations, and engaged

16  in four mediation sessions with Teresa A. Wakeen beginning May 24, 2016.  *Id.* at ¶ 18.  The

17  negotiations were ultimately successful, resulting in the Consent Decree that the Court preliminarily

18  approved on July 19, 2017.  *Id.* at Ex. 1; Order 2, ECF No. 42.  The Consent Decree resolves Plaintiffs'

19  claims by committing the City and those acting on the City's behalf to install, remediate, and maintain

20  ADA-compliant curb ramps throughout the City's pedestrian right of way consistently over the next

21  eighteen years, in addition to providing other significant relief.  Fox Decl. ¶¶ 19-27.  The monetary

22  value of the City's curb ramp commitment set forth in the Consent Decree is about $300 million.  *Id.* at

23  ¶ 35.  Under the Decree, the City will install or remediate 1,250 ramps per year over an 18-year period,

Case No. 2:15-cv-01608-BJR
PLS.' MOT. FOR AWARD OF ATTORNEYS' FEES
Page 3

Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800; Fax: (510) 835-1417

685767.10

1   for a total of 22,500 ramps over the Decree's term. *Id.* at ¶ 20.  In past years, SDOT installed an

2   average of 500 curb ramps per year. *Id.* at ¶ 34.  As such, the City's curb ramp commitment results in

3   an average 150% increase from pre-settlement levels of City-constructed curb ramps.  *Id.*  The Consent

4   Decree also provides that Class Counsel will apply for an award of reasonable attorneys' fees,

5   expenses, and costs in the amount of $1.4 million through the Effective Date of the Decree.  *Id.* at Ex. 1

6   § VI.2.1.  The City agreed to not contest this motion.  *Id.*

7           The parties did not discuss attorneys' fees until after they had reached resolution on all other

8   terms of the Consent Decree.  Fox Decl. ¶ 15; "Dardarian Decl." ¶ 33, filed herewith.  Negotiations of

9   this issue were vigorous and supervised by mediator Teresa Wakeen.  Dardarian Decl. ¶ 33.  In order to

10  reach a full resolution of this case, Class Counsel agreed to compromise the amount of attorneys' fees,

11  costs, and expenses they would request the Court to approve.  *Id.* at ¶ 32.  Class Counsel are applying

12  for the $1.4 million even though the actual lodestar that they expended on this matter to date is

13  significantly higher.  Class Counsel's actual lodestar, the product of the reasonable time they expended

14  on this case multiplied by their reasonable hourly rates, is approximately $2 million as of August 18,

15  2017.  Dardarian Decl. ¶ 32 (GBDH incurred a total of $794,038 in fees); Fox Decl. ¶ 40 (CREEC

16  incurred a total of $685,715 in fees); "Cooper Decl." ¶¶ 39-40 (DRW incurred a total of $459,423 in

17  fees), filed herewith.  This amount excludes time that Class Counsel deleted in an exercise of billing

18  judgment to account for excess, redundant or unreasonably duplicative time. Dardarian Decl. ¶¶ 13-14;

19  Fox Decl.  ¶ 57; Cooper Decl. ¶¶ 38, 40.  Class Counsel's lodestar is also based on Class Counsel's

20  2016 hourly rates, rather than their current hourly rates.  Dardarian Decl.  ¶ 28; Fox Decl.  ¶¶ 50, 53;

21  Cooper Decl.  ¶ 37.  Summaries of each firm's contemporaneous billing records through August 18,

22  2017 are provided in the declarations filed herewith.  *See* Dardarian Decl.  ¶¶ 12, 32, Exs. B & H; Fox

23  Decl. ¶ 40; Cooper Decl.  ¶ 39.  The amount of time and costs that Class Counsel will continue to incur

Case No. 2:15-cv-01608-BJR
PLS.' MOT. FOR AWARD OF ATTORNEYS' FEES
Page 4

Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800; Fax: (510) 835-1417

685767.10

1  to see this case through the final approval of the Consent Decree, including preparing the motion for

2  final approval and traveling to Seattle to attend the final approval hearing on November 1, 2017, will

3  not be separately compensated. Dardarian Decl. ¶ 28. Those amounts are also included in the $1.4

4  million compromise.

5        Class Counsel's current out-of-pocket costs are approximately $52,000. Dardarian Decl. ¶ 34

6  (GBDH's costs totaling $23,651.40); Fox Decl. ¶ 58 (CREEC's costs totaling $19,665.92); Cooper

7  Decl. ¶ 41 (DRW's costs totaling $8,833.03). The bulk of Class Counsel's costs were spent on the four

8  mediation sessions with Teresa Wakeen for mediator fees and travel costs. Dardarian Decl. ¶ 34; Fox

9  Decl. ¶ 58; Cooper Decl. ¶ 41. Other costs and expenses include those related to copying, delivery,

10  telecommunication charges, and legal research charges. Dardarian Decl. ¶ 34; Cooper Decl. ¶ 41.

11  These costs are compensable, and are included in the $1.4 million. Accordingly, the $1.4 million

12  award that Plaintiffs seek is justified and reasonable.

### III.    ARGUMENT

#### A.    Plaintiffs Are Prevailing Parties Under the ADA, Section 504, and WLAD.

15        The ADA, Section 504, and the WLAD each entitle prevailing parties to recover their

16  reasonable attorneys' fees, costs, and expenses. *See* 42 U.S.C. § 12205 ("In any action ... the court ... in

17  its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation

18  expenses and costs ...."); 29 U.S.C. § 794a(b) (authorizing "a reasonable attorney's fee as part of the

19  costs."); Rev. Code Wash. § 49.60.030(2) (authorizing attorney's fees and costs).[1] A prevailing party

20  is one that achieves some of the relief the party sought in bringing the action. *Hensley v. Eckerhart*,

21  461 U.S. 424, 433 (1983). *See also Jankey v. Poop Deck*, 537 F.3d 1122, 1129-30 (9th Cir. 2008).

22

23

---

[1] Even though one of the causes of action is under Washington law and therefore Washington law governs the award of attorneys' fees, it is the practice in Washington to look to federal guidance in class action attorney fees. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

Case No. 2:15-cv-01608-BJR
PLS.' MOT. FOR AWARD OF ATTORNEYS' FEES
Page 5

Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800; Fax: (510) 835-1417

685767.10

1   Here, it is undisputed that Plaintiffs are prevailing parties as they obtained the relief they sought in this

2   case by securing a binding and enforceable Consent Decree setting forth annual commitments and a

3   schedule for remediating curb ramp barriers throughout the City's pedestrian right of way over the next

4   eighteen years.  Consent Decree § VI.2.1.  Therefore, Plaintiffs are entitled to compensation for all of

5   the time and costs they reasonably spent on this case.  *Hensley*, 461 U.S. at 431, 435 (Plaintiffs'

6   attorneys who obtain "excellent results" for their clients "should recover a fully compensatory fee").

7   **B.     Plaintiffs' Requested Attorneys' Fees Are Reasonable.**

8          In determining reasonable attorneys' fees, the district court's first step is to calculate a lodestar

9   by multiplying the number of hours reasonably expended by the reasonable hourly rate.  *Hensley*, 461

10  U.S. at 434; *Antonienetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1176 (9th Cir. 2010) (ADA);

11  *Greater L.A. Council on Deafness v. Comt. Television of S. Cal.*, 813 F.2d 217, 221 (9th Cir. 1987)

12  (Section 504); *Pham v. City of Seattle*, 159 Wash. 2d 527, 538 (Wash. 2007) (en banc) (WLAD).

13  There is a strong presumption that the lodestar amount represents a reasonable fee.  *Stranger v. China*

14  *Elec. Motor, Inc.*, 812 F.3d 734, 738 (9th Cir. 2016).  Prevailing plaintiffs should generally recover

15  their lodestar "unless special circumstances would render such an award unjust."  *Jankey*, 537 F.3d at

16  1130 (quotation marks omitted) (quoting *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134

17  (9th Cir. 2002)).

18         **1.     Class Counsel's Claimed Hours Are Reasonable.**

19         The first part of the lodestar inquiry examines whether the hours Class Counsel expended were

20  reasonable.  Courts recognize that attorneys representing the prevailing party should be compensated

21  for "every item of service" that a reasonable lawyer would have performed to protect the client's

22  interest.  *Armstrong v. Davis*, 318 F.3d 965, 971 (9th Cir. 2003); *see also Hensley*, 461 U.S. at 435 (a

23  fully compensatory fee "will encompass all hours reasonably expended on the litigation…").  The

Case No. 2:15-cv-01608-BJR
PLS.' MOT. FOR AWARD OF ATTORNEYS' FEES
Page 6

Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800; Fax: (510) 835-1417

685767.10

1    Ninth Circuit has recognized that district courts "should defer to the winning lawyer's professional

2    judgment as to how much time he was required to spend on the case." *Chaudhry v. City of Los*

3    *Angeles*, 751 F.3d 1096, 1111 (9th Cir. 2014) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106,

4    1112 (9th Cir. 2008)).

5           The hours Class Counsel have spent on this case to date were reasonably expended in obtaining

6    an outstanding result for the Class.  As demonstrated in the declarations and hours summaries filed

7    herewith, Class Counsel spent time: (1) extensively investigating the barriers in the City's pedestrian

8    right of way and the factual bases for Plaintiffs' claims under both new construction/alteration and

9    program access theories, including on-site inspections of curb ramp locations throughout the City's

10   pedestrian right of way, analysis of public records in the City's archives regarding construction and

11   resurfacing projects; (2) evaluating and verifying the City's curb ramp survey information and doing a

12   virtual review of "unknown" locations to determine the scope and extent of missing and non-compliant

13   curb ramps throughout the City's pedestrian right of way; (3) communicating with members of the

14   disability community and attending public meetings on pedestrian right of way issues; (4) engaging in

15   negotiations with the City for over three years, involving numerous in-person meetings and conference

16   calls, and exchanges of analysis of relevant information about SDOT policies, budgets, curb ramp

17   costs, design documents, and other items, and providing legal analyses of various issues raised by the

18   City; (5) providing input into the City's job description for an ADA Coordinator for the pedestrian right

19   of way and request for proposal for the survey of curb ramp barriers; (6) preparing and filing a class

20   action complaint in federal court when the parties' negotiations stalled; (7) initiating formal discovery;

21   (8) participating in mediation and settlement of Plaintiffs' claims on a class basis; and (9) drafting the

22   settlement agreement, proposed Consent Decree, stipulation for class certification, and settlement

23   approval, service award, and attorneys' fee pleadings.  *See* Dardarian Decl. ¶¶ 16-21; Fox Decl. ¶¶ 6-

Case No. 2:15-cv-01608-BJR
PLS.' MOT. FOR AWARD OF ATTORNEYS' FEES
Page 7

Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800; Fax: (510) 835-1417

685767.10

18; Cooper Decl. at ¶¶ 26-36.   Class Counsel will continue to spend time prior to the Decree's

Effective Date performing work to obtain final approval of the Decree.  All of this is compensable.

*Hensley*, 461 U.S. at 435 (counsel are entitled to fees for "all hours reasonably expended on the

litigation."); *Bernardi v. Yeutter*, 951 F.2d 971, 976 (9th Cir. 1991) (counsel are entitled to fees for time

spent on a fee motion).

Despite these hours being necessary to securing the outstanding relief that is embodied in the

Consent Decree, Plaintiffs have agreed to request no more than $1.4 million in attorneys' fees,

expenses and costs, which represents a reduction of approximately $600,000, or thirty percent (30%) of

their total adjusted lodestar.[2]  Dardarian Decl. ¶ 32.  The remaining time claimed by Class Counsel is

abundantly reasonable, because, as set forth above, it was necessary to secure the relief obtained for the

Class.  Staffing this case with multiple law firms was the most effective way for Class Counsel to apply

their complementary areas of expertise to a complex, technical case that addresses the concerns of a

particular community whose needs were not being adequately addressed by their local government.

Dardarian Decl. ¶ 10.  The Ninth Circuit recognizes that effective preparation and presentation of a

complex case often involves the kind of collaboration that occurs when several attorneys are working

together, and that staffing a case with multiple attorneys for strategizing and coordinating work is

reasonable.  *See Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 700 (9th Cir.

1996) (counsel have wide latitude to staff and prosecute complex cases in a manner that best serves

their clients' interests); *Democratic Party v. Reed*, 388 F.3d 1281, 1286-87 (9th Cir. 2004) (given the

factual and complexity of a case, having multiple attorneys on one task may be a reasonable use of

time); *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992) (*overruled on*

---

[2] The Ninth Circuit has recognized that a "haircut" of 10% may be reasonable to account for unnecessarily
duplicative time, but a reduction of 25-33% is "substantial" and must be specifically justified.  *Moreno*, 534 F.3d at
1112.

Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800; Fax: (510) 835-1417

685767.10

1  *other grounds*, 984 F.2d 345 (9th Cir. 1993) class and complex litigation often requires the

2  participation of multiple attorneys. *See also Carlson v. City of Spokane*, No. 13-CV-0320-TOR, 2015

3  WL 11112412, at *5 (E.D. Wash. Jan. 28, 2015) (declining to reduce the award where there was some

4  duplication of tasks because "the litigation process requires as much").

5         Class Counsel's declarations show that they did not engage unnecessarily in duplicative billing,

6  but assigned attorneys to distinct and necessary tasks, all of which contributed to the excellent results

7  achieved. Dardarian Decl. ¶¶ 13, 16-21; Fox Decl. ¶¶ 47-49, 52, 55-56; Cooper Decl. ¶¶ 23-36. *See*

8  *Moreno*, 534 F.3d at 1112 ("It must also be kept in mind that lawyers are not likely to spend

9  unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too

10  uncertain, as to both the result and the amount of the fee."). Any duplication is more than accounted

11  for in the substantial lodestar reduction Class Counsel have agreed to, and a further reduction to Class

12  Counsel's requested hours would not be warranted. Therefore, the Court should find that Class

13  Counsel's requested award is reasonable under the circumstances of this case.

14        **2.**    **Class Counsel's Hourly Rates Are Reasonable.**

15         Class Counsel have calculated the lodestar using their actual 2016 hourly rates, which have

16  been approved by courts in similar class actions on behalf of people with disabilities and paid by

17  defendants with whom Class Counsel have settled disability rights cases in the past year. Dardarian

18  Decl. ¶ 28; Fox Decl. ¶ 50, 53; Cooper Decl. ¶ 37.[3]  An attorney's actual billing rate is presumptively

19  appropriate to use as the lodestar market rate. *See, e.g.*, *United Steelworkers of Am. v. Phelps Dodge*

20  *Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *In re Animation Workers Antitrust Litig.*, No. 14-CV-4062-

21

22  [3] The lodestar is typically computed using counsel's current hourly rates to compensate for delay in payment
inherent in contingency fee cases. *See Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016). While Class

23  Counsel have increased their hourly rates for 2017, they are basing this attorneys' fee request on their 2016 rates,
further demonstrating that Plaintiffs' request for an award of $1.4 million in fees, expenses and costs through the
Effective Date of the Consent Decree is a significant compromise and quite reasonable.

Case No. 2:15-cv-01608-BJR
PLS.' MOT. FOR AWARD OF ATTORNEYS' FEES
Page 9

Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800; Fax: (510) 835-1417

685767.10

1   LHK, 2016 WL 6663005, at *6 (N.D. Cal. Nov. 11, 2016); *Gordon v. Virtumundo, Inc.,* No. 06-0204-

2   JCC, 2007 WL 2253296, at *11 (W.D. Wash. Aug. 1, 2007).

3          Counsel are entitled to compensation at the prevailing market rates for attorneys of similar skill

4   and experience conducting similar work.  *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 895, fn. 11(1984);

5   *United States  v. $28,000 in U.S. Currency*, 802 F.3d 1100, 1106 (9th Cir. 2015).  Typically, fee

6   applicants must show that their requested fees are in line with the fees charged by the community in

7   which the district court sits for cases of similar difficulty.  *See Chaudry*, 751 F.3d at 1110; *Camacho v.*

8   *Bridgeport Fin. Inc.*, 523 F.3d 973, 981 (9th Cir. 2008); *Carlson*, 2015 WL 11112412, at *5.

9   "Affidavits of the plaintiffs' attorneys and other attorneys regarding prevailing fees in the community

10  are satisfactory evidence of the prevailing market rate."  *Chaudry*, 751 F.3d at 1110 (brackets and

11  ellipses omitted) (quoting *United Steelworkers*, 896 F.2d at 407).  Although the market for attorneys'

12  fees is typically based on the forum district, an exception applies where counsel outside the district

13  have special expertise in the subject matter that is lacking in the local market.  *See Barjon v. Dalton*,

14  132 F.3d 496, 501-02 (9th Cir. 1997) (approving use of out-of-forum hourly rates where out-of-forum

15  counsel had particular experience, expertise, or specialization); *Gates v. Deukmejian*, 987 F.2d 1392,

16  1405 (9th Cir. 1992) (same).

17         Class Counsel's hourly rates are justified by their extensive expertise in litigating disability

18  access cases.  Dardarian Decl. ¶¶ 3-4, 8, 10; Fox Decl. ¶¶ 42-46; Cooper Decl.  ¶¶ 9, 15, 17, 21.  The

19  out-of-state Class Counsel also have extensive experience in litigating and resolving complex

20  discrimination class actions, successfully engaging in structured negotiation, and particular expertise in

21  the area of access to pedestrian right of way facilities for individuals with mobility disabilities.

22  Dardarian Decl. ¶¶ 3-4, 8, 10; Fox Decl. ¶ 44.  Class Counsel's experience and expertise meant that

23  they could negotiate and litigate this case efficiently.  Less experienced class counsel would likely have

Case No. 2:15-cv-01608-BJR
PLS.' MOT. FOR AWARD OF ATTORNEYS' FEES
Page 10

Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800; Fax: (510) 835-1417

685767.10

1    incurred greater costs, billed more time, engaged in more substantial and contentious litigation, and

2    achieved lower rewards for the class.

3         The evidence of the rates charged by attorneys practicing complex and class action litigation in

4    the Seattle area and nationally support Class Counsel's requested hourly rates.  Dardarian Decl. ¶¶ 24,

5    40, Exs. C, D, E, F& G; *see, also, Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326 (W.D.

6    Wash. 2009) (approving the hourly rates of class counsel in New York City, Illinois, Ohio, Washington

7    D.C., and Seattle for litigation conducted in Seattle).  The hourly rates for the out-of-state Class

8    Counsel, both of which firms litigate complex and class action cases nation-wide, are comparable to

9    those charged by firms that litigate complex public interest and class action cases in the Seattle market.

10   Dardarian Decl. ¶¶ 24, 40, Exs. C, D, E, F & G.  Here, the attorneys at GBDH and CREEC, both of

11   which are located outside the Western District of Washington, were uniquely qualified to lead the

12   negotiation and litigation of a case involving disability access barriers in the City's pedestrian right of

13   way due to their past experience successfully litigating and settling similar cases with various cities

14   around the western United States, skills and experience that were not readily available in the Seattle

15   area.  *See* Dardarian Decl. ¶ 22; Fox Decl. ¶ 44.  Thus, even if their usual and customary hourly rates

16   are higher than those of comparable attorneys in the Seattle market who practice complex litigation,

17   Class Counsel's regular hourly rates for 2016 are reasonable here.[4]

18        That Class Counsel's rates are reasonable in light of their expertise is further supported by the

19   excellent result that Counsel obtained in this case on behalf of Plaintiffs and the Class.  Prior to this

20   settlement, SDOT installed an average of roughly 500 curb ramps per year.  Fox Decl. ¶ 34.  The

21   Decree requires installation or upgrading of 1,250 curb ramps per year over eighteen years: a

22

23   ------------------------------------------------------------

     [4] As explained above, Class Counsel have already agreed to a substantial reduction off their lodestar.  Dardarian
     Decl. ¶ 32.  If the Court has any concerns about Class Counsel's hourly rates, Class Counsel's voluntary reduction
     of their lodestar adequately compensates for such concern.

Case No. 2:15-cv-01608-BJR                              Goldstein, Borgen, Dardarian & Ho
PLS.' MOT. FOR AWARD OF ATTORNEYS' FEES                   300 Lakeside Drive, Suite 1000
Page 11                                        Oakland, CA 94612
Tel: (510) 763-9800; Fax: (510) 835-1417

685767.10

1  guaranteed increase of 150% from pre-settlement levels.  *Id.*  Based on the City's own estimate that

2  each curb ramp costs an average of approximately $12,500, the value of the settlement that Plaintiffs

3  achieved is an impressive $280 million.  Also significantly, the settlement requires the City to respond

4  to consumer requests for curb ramp installation and remediation in half the time it took the City to

5  respond prior to reaching this settlement agreement.  The Ninth Circuit instructs that, where counsel

6  exhibit exceptional skill and achieve outstanding results, it should be reflected in the hourly rates used

7  to calculate the lodestar.  *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996); *see also*

8  *Cruz ex rel. Cruz v. Alhambra Sch. Dist.*, 601 F. Supp. 2d 1183, 1193 (C.D. Cal. 2009).  The high

9  quality of the representation and impressive settlement achieved demonstrate the reasonableness of

10  Class Counsel's lodestar.  *See, e.g.*, *Moreno*, 534 F.3d at 1114-1115.  Accordingly, the rates that Class

11  Counsel used to calculate their fee request, which is already a reduction of their actual lodestar, are

12  reasonable.

13  **3.    Class Counsel Does Not Seek an Enhanced Award.**

14  After calculating the relevant lodestar, district courts may award and enhancement to plaintiffs'

15  counsel based on factors like the quality of the representation and the ultimate result for the plaintiff.

16  *See Carlson*, 2015 WL 11112412, at *7-8.  Here, however, Class Counsel do not seek a lodestar

17  multiplier, despite the high quality of their representation of the Class and the excellent results achieved

18  for the Class.  Without any multiplier, Class Counsel's requested attorneys' fees are presumptively

19  reasonable.  *See Stranger*, 812 F.3d at 738.

20  **C.    Plaintiffs' Requested Costs and Expenses Are Reasonable.**

21  Class Counsel are entitled to recover their litigation expenses and costs under the ADA, Section

22  504, and the WLAD.  *See* 42 U.S.C. § 12205; 29 U.S.C. § 794a(b); Rev. Code Wash. § 49.60.030(2);

23  *see also Carlson*, 2015 WL 00002412, at *11-12 ("Plaintiff is entitled to costs and litigation expenses

Case No. 2:15-cv-01608-BJR
PLS.' MOT. FOR AWARD OF ATTORNEYS' FEES
Page 12

Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800; Fax: (510) 835-1417

685767.10

1    reasonably incurred, including parking, photocopying, telephone expenses, computer expenses,

2    depositions, witness and expert fees, supplies, and equipment.").  Class Counsel have incurred

3    approximately $52,000 in out-of-pocket costs during the course of this litigation.  Class Counsel seek

4    reimbursement for taxable and commonly reimbursed costs, including filing and process serving fees,

5    travel expenses related to negotiation and mediation, mediation fees, copying, delivery,

6    telecommunication charges, and legal research fees.  Dardarian Decl. ¶ 34 (costs totaling $23,651.40);

7    Fox Decl. ¶ 58 (costs totaling $19,665.92); Cooper Decl. ¶ 41 (costs totaling $8,833.03).  The Court

8    should allow Class Counsel to recover their expenses and costs that were reasonably incurred.

### IV.   CONCLUSION

10   For the reasons set forth above, Plaintiffs respectfully request that this Court award Class

11   Counsel attorneys' fees, costs, and expenses in the amount of $1,400,000.

12

13   Dated:  September 6, 2017                Respectfully submitted,

14                                            GOLDSTEIN, BORGEN, DARDARIAN & HO

15

16    *s/ Linda M. Dardarian*
      Linda M. Dardarian (CA SBN 131001)
      ldardarian@gbdhlegal.com

17    Andrew P. Lee (CA SBN 245903)
      alee@gbdhlegal.com

18    Raymond A. Wendell (CA SBN 298333)
      rwendell@gbdhlegal.com

19    300 Lakeside Drive, Suite 1000
      Oakland, CA  94612

20    (510) 763-9800; (510) 835-1417 (Fax)

21    Attorneys for Plaintiff and the Putative Class

22

23

Case No. 2:15-cv-01608-BJR
PLS.' MOT. FOR AWARD OF ATTORNEYS' FEES
Page 13

Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800; Fax: (510) 835-1417

685767.10